## GEORGE, Adm'r. *v.* BARTLETT.

*Where the terms of a contract are clear, evidence of a custom is inadmissible to vary its effect.*

ASSUMPSIT, on account annexed, for 7,000 feet of White
Pine Boards, at $13 per M. 　　　　　　　　　　　　　　　91,00
　　A lot of Slabs, 　　　　　　　　　　　　　　　　　　　　4,00
　　　　　　　　　　　　　　　　　　　　　　　　　　　　——————
　　　　　　　　　　　　　　　　　　　　　　　　　　　　$95,00

At the trial upon the general issue, a witness was introduced by the plaintiff, who testified that he was commissioner to examine the claims of the creditors against the estate of the plaintiff's intestate, J. Wadleigh, deceased, decreed to be administered as insolvent; that the defendant presented to him a claim against the estate, being a note for ten dollars, signed by the intestate, payable to him, but it appearing that there was a balance due to the estate, it was not allowed. He testified that there was then a conversation between the former administrator of Wadleigh's estate and the defendant, in regard to the claim of the estate against the defendant, in which the defendant made certain admissions relative to the agreement between them. On his cross-examination the witness said, he had no recollection of the defendant's presenting an account for ten dollars against the estate, nor that he made any cast on the note, nor that he made any figures on the note or account.

The defendant then showed to the witness a paper which purported to be an account in this form:

　　　　　　　　　　　　　South Kingston, May 1, 1845.
John Wadleigh, Dr. to Jacob P. Bartlett, ten dollars.
June 30, received by cash for boards, 　　　　　　　29.70

On the back of this paper were certain figures.

The witness testified that he had no recollection of this paper nor of the figures, but they looked like his figures; that he had no recollection that he ever saw the paper at any other time, or that he had made such a cast at any other time. He had no recollection of seeing the paper on the occasion referred to, nor at any time till he commenced testifying.

George *v.* Bartlett.

The defendant then offered the paper in evidence, but it was objected to and rejected.

The plaintiff offered evidence tending to prove, that the defendant agreed to haul to the mill and saw into boards certain mill logs belonging to the deceased, for which service he was to receive *one third of the stuff* after sawing ; and that the defendant after the logs were sawed, agreed to take the intestate's share of the slabs and to pay him for them. The defendant claimed that by the usage of the mill, the slabs were retained by the millman as part of his compensation for sawing, and that the deceased knew there was such usage, and offered evidence to that effect. The evidence was objected to, held inadmissible.

The jury found a verdict for the plaintiff, which the defendant moved to set aside, by reason of the said rulings.

*Wells & Bacon,* for the plaintiff.

*French,* for the defendant.

BELL, J. The witness introduced by the plaintiff was cross-examined, in the expectation, apparently, that he would recollect the account of ten dollars, as being a paper presented to the former administrator, and as being the subject of a conversation, in which it was substantially admitted, that there were items of claim made by the defendant, the note for ten dollars and interest, and the cash payment of ten dollars, though there was a controversy whether $29.70, the amount credited by the defendant, was so much as he ought to allow. If the witness had recollected this, by the aid of the paper, the evidence would be competent and material. But he did not so recollect. He admitted the figures appeared like his, but did not recollect that he had ever seen the paper or figures before. On what ground then did this paper or these figures become admissible ? Not we think, because they are shown to be truthful memoranda made by the witness, of statements and admissions made by the parties, in his presence, and written down while they were fresh in his recollection ; for if that appeared, they would be compe-

42 *

tent; nor because they, of themselves, bear evidence of any thing, as against the defendant.

The evidence, tending to prove that by the usage or custom of the mill the slabs were retained by the millman, as part of his compensation for sawing, and that this usage was known to the intestate, might perhaps be admissible in a case where there was no evidence as to the precise nature of the contract between the parties, or where there was room for debate as to the question whether there was a special contract, or whether the contract applied to the matters ordinarily regulated by the custom. But here there was full and undisputed proof of a special contract to saw, for a third of the stuff after sawing. This contract is of course to be construed according to the natural import of the terms, and we take the word *stuff* to include the whole material after sawing. If the boards, only, had been intended, we think there are few persons who would not have said one third of the boards, just what they meant. If it is intended, by the usage of the will, one third of the stuff means one third of the boards, and nothing more, the evidence should have gone to that point.

This view of the stipulations of the contract is confirmed beyond question, by the evidence that the defendant agreed to purchase of the plaintiff's intestate, and to pay him for his share of the slabs. Now it does not well lie in the mouth of the defendant to allege that these slabs were the right of the mill, after thus agreeing to buy them.

*Judgment on the verdict.*